UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PARISE, JR., | No. 2:14-cv-0036 KJM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| UNION PACIFIC RAILROAD, | |
| Defendant. | |

Defendant's motion to dismiss came on regularly for hearing April 23, 2014. John Parise appeared in propria persona. John Feeney appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims under the Federal Employer's Liability Act ("FELA") arising out of his employment with Union Pacific as a locomotive engineer. Plaintiff alleges defendant created an unsafe work environment by "doing nothing to mitigate dust" from the asbestos used on locomotives and rolling stock. Plaintiff also alleges defendant failed to warn plaintiff about the risk from exposure to asbestos. Plaintiff seeks monetary damages, past and future medical expenses, and damages for mental anguish caused by the fear of cancer. Defendant moves to dismiss for failure to state a claim.

/////

1    In considering a motion to dismiss for failure to state a claim upon which relief can be
2    granted, the court must accept as true the allegations of the complaint in question, Erickson v.
3    Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the
4    plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

5    In order to avoid dismissal for failure to state a claim a complaint must contain more than
6    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
7    of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
8    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9    statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
10   upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
11   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
12   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
13   at 1949.

14   Defendant contends plaintiff fails to assert any injury, as is required under FELA. The
15   complaint, as presently pled, does not allege an injury. However, in opposition, plaintiff asserts
16   that his treating physician found nodules of scar tissue in his throat.[1] Plaintiff asserts he was seen
17   by his doctor regarding food getting stuck in his throat on March 28, 2011. This action was filed
18   January 7, 2014, within the three year statute of limitations provided under FELA. See 45 U.S.C.
19   § 56 (three year statute of limitations under FELA); Hajek v. Burlington Northern Santa Fe R.R.
20   Co., 14 Fed. Appx. 974 (9th Cir. 2001) (claim for medical injury accrues when plaintiff has actual
21   or constructive knowledge of injury and its cause). Assuming arguendo that plaintiff can, within
22   the strictures of Federal Rule of Civil Procedure 11, allege that the throat nodules or cyst are the
23   direct and proximate result of exposure to asbestos, plaintiff may be able to allege the requisite
24   element of injury in fact. Plaintiff will therefore be granted leave to amend to state a claim under
25   FELA.
26   /////
27

28   [1] At the hearing, plaintiff stated that the medical records indicate plaintiff has a cyst in his throat.

2

Defendant further contends that plaintiff's claim for fear of cancer is noncompensable under FELA. This contention is correct. While claims for emotional distress are compensable under FELA, mere exposure to asbestos is insufficient to show a physical impact, as required under the "zone of danger" test articulated in Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 555-556 (1994) (zone of danger test consistent with FELA's central focus on physical perils); Metro-North Commuter R. Co. v. Buckley, 521 U.S. 424 (1997) (fear of cancer from asbestos exposure not compensable under FELA). Plaintiff's claim predicated on "fear of cancer" will therefore be dismissed.

Although it is not readily apparent from the face of the complaint, in his opposition to the pending motion, plaintiff claims that he is also making a claim for "failing to warn." As with the "fear of cancer" claim, it appears that under FELA, in the absence of actual physical injury, plaintiff cannot recover for defendant's failure to warn plaintiff that he was being exposed to asbestos. Plaintiff references the "LIA" in his opposition. The Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701 et seq., provides in relevant part: "a railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts or appurtenances are in proper condition and safe to operate without unnecessary danger of personal injury, have been inspected as required by the LIA and regulations prescribed thereunder by the Secretary of Transportation, and can withstand every test prescribed under the LIA by the Secretary." See § 20701. To the extent plaintiff is trying to make a state law "failure to warn" claim, such cause of action is preempted under the LIA. See Kurns v. Railroad Friction Products Corp., 132 S. Ct. 1261 (2012) (failure to warn claim regarding asbestos in equipment of locomotives preempted by LIA.)

Because it appears plaintiff may be able to state a claim under FELA, leave to amend will be granted. In filing an amended complaint, plaintiff should pay heed to the discussion above regarding the requirement of alleging injury in fact for stating a claim under FELA[2] and

---

[2] It is not clear from his opposition whether plaintiff's treating physician has informed plaintiff that the "nodules of scar tissue" in his throat are asbestos related or whether plaintiff has some other expert opinion supporting his claim. Before proceeding with an amended complaint,
/////

3

1  preemption under the LIA.  Plaintiff is also advised that the court cannot refer to a prior pleading
2  in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
3  amended complaint be complete in itself without reference to any prior pleading.  This is because,
4  as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay,
5  375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading
6  no longer serves any function in the case.  Therefore, in an amended complaint, as in an
7  original complaint, each claim and the involvement of each defendant must be sufficiently
8  alleged.

9          Accordingly, IT IS HEREBY ORDERED that:
10         1.  Defendant's motion to dismiss (ECF No. 8) is granted with leave to amend.
11         2.  No later than May 29, 2014, plaintiff may file an amended complaint that complies
12 with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice;
13 the amended complaint must bear the docket number assigned this case and must be labeled
14 "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint;
15 failure to file an amended complaint in accordance with this order will result in a
16 recommendation that this action be dismissed.

17 Dated:  April 24, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21 4 parise.oah

---

28 plaintiff is commended to a review of Federal Rule of Civil Procedure 11(b) regarding representations to the court.