1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN PARISE, JR.,                          No.  2:14-cv-0036 KJM CKD PS

12                     Plaintiff,

13          v.                                  ORDER and FINDINGS AND
                                                RECOMMENDATIONS
14   UNION PACIFIC RAILROAD,

15                     Defendant.

16

17          This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

18   Eastern District of California Local Rule 302(c)(21).  See 28 U.S.C. § 636(b)(1).  On June 11,

19   2014 defendant filed a motion to dismiss.  The motion was noticed to be heard on July 30, 2014.

20          On July 18, 2014, because plaintiff had not filed either an opposition or a statement of

21   non-opposition to the motion, the undersigned continued the hearing on the motion to August 20,

22   2014 and directed plaintiff to file an opposition to the motion, or a statement of non-opposition

23   thereto, no later than July 30, 2014.  Plaintiff was advised that failure to file an opposition would

24   be deemed a statement of non-opposition to the pending motion and would result in a

25   recommendation that this action be dismissed.

26          Although the deadlines have now passed, the court docket reflects that plaintiff has not

27   filed an opposition to the motion or a statement of non-opposition to the motion.  The Federal

28   Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution.  Fed. R.

                                                  1

Civ. P. 41(b).  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The court may dismiss a case sua sponte for lack of prosecution by the plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990).  Sua sponte dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that this action will be dismissed, the court has considered all the factors set forth in Al-Torki.  The first two factors on their face favor the imposition of sanctions in this case brought by plaintiff and which has been proceeding forward since plaintiff initiated this action on January 7, 2014.  See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).  Regarding the third factor, defendant already has briefed its motion to dismiss, and would be prejudiced by the need for further litigation of this matter despite plaintiff's non-responsiveness.  Moreover, delay itself generally is prejudicial--witness memories fade and evidence becomes stale or undiscoverable.  While the fourth factor favors resolution on the merits, in this case plaintiff has declined to oppose the motion to dismiss and thus has precluded the court's evaluation of the potential merits of such an opposition.

Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as required by Oliva, the court in its order of July 18, 2014 has advised plaintiff that this action is subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to oppose the pending motion after plaintiff failed to timely oppose defendants' motion to dismiss, all to no avail.  In light of plaintiff's failures, the court concludes there is no suitable alternative less drastic sanction to dismissal.  The undersigned will therefore recommend that this action be

/////

2

dismissed for failure to prosecute the action and for failure to comply with court orders and Local Rules.  See Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that the hearing date of August 20, 2014 on defendant's motion to dismiss is vacated; and

IT IS HEREBY RECOMMENDED that:

1.  This action be dismissed with prejudice; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 4, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 parise.nop.57